UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GLADWIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE,<br><br>　　　　Defendant. | Case No.  25-cv-03370-LJC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AND MOTION SHOULD NOT BE DENIED**<br><br>Re: Dkt. Nos. 16, 17 |

### A.　Introduction

Plaintiff Andrew Gladwin, a United Kingdom citizen who sells instructional materials related to stage magic, alleges that Defendant John Doe purchased some of those materials from him and wrongfully copied and resold them. *See generally* Am. Comp. (ECF No. 16).[1] Gladwin seeks leave to serve an early subpoena on Comcast to determine Doe's identity based on the IP address that Doe used to purchase products from Gladwin. ECF No. 17.

The Court previously ordered Gladwin to show cause why his attorney Adam H. Rose, who is not a member of this Court's bar, should not be disqualified from representing him. ECF No. 9. Gladwin has now retained local counsel and the Court has granted Rose's application to appear pro hac vice. *See* ECF Nos. 12–15. The previous Order to Show Cause is hereby DISCHARGED.

For the reasons discussed below, Gladwin is now ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction, and why his application to serve a subpoena should not be denied.

---

[1] The Court previously noted that Gladwin's original filings did not comply with Civil Local Rule 3-4's requirements for form. ECF No. 9. Gladwin's Amended Complaint (ECF No. 16) and Amended Motion (ECF No. 17) add attorney identification information required by that rule, but otherwise appear to be substantially similar to his original filings. *See* ECF Nos. 1, 2.

### B. Subject Matter Jurisdiction

Gladwin brings claims for fraud, conversion, and unjust enrichment under California law, with no claims under federal law. Am. Compl. ¶¶ 11–29. He asserts diversity jurisdiction under 28 U.S.C. § 1332 "given the parties of [sic] residents of different states and the amount in controversy is estimated to be over $75,000.00." *Id.* ¶ 4. Gladwin's Amended Complaint does not address how he estimated an amount in controversy over that threshold, and its exhibits (which include Gladwin's prices for some of the products at issue, ranging from $1.99 to $65.00) suggest that the case would need to involve a very high volume of sales—or some other basis for damages—to meet the $75,000 threshold of § 1332(a).

As another district court has stated:

> Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). For diversity jurisdiction to exist, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). This amount is generally determined from the face of the pleadings. *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). Conclusory allegations of the amount in controversy are insufficient to invoke diversity jurisdiction. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). The party who invokes jurisdiction bears the burden of demonstrating its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

*Johnson v. Costco Wholesale Corp.*, No. 5:24-cv-01392-SSS-DTBx, 2024 WL 3347359 (C.D. Cal. July 8, 2024).

Accordingly, Gladwin is ORDERED TO SHOW CAUSE why this case should not be dismissed sua sponte for lack of subject matter jurisdiction, and why his Amended Motion to serve a subpoena should not be denied for the same reason.

### C. Service of Subpoena

A party generally cannot take discovery "before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). A court may authorize a party to serve a subpoena before that discovery conference, including for purposes of determining a defendant's identity, upon a showing of good cause. *See, e.g.*, *UMG Recordings, Inc. v. Doe*, No. C-08-03999 RMW, 2008 WL 4104207, at *1 (N.D. Cal. Sept. 4, 2008).

Gladwin seeks leave to serve a subpoena on Comcast to determine the identity of a

subscriber to whom Comcast has assigned the IP address 98.45.178.220. *See generally* ECF No. 17. If Gladwin establishes the Court's subject matter jurisdiction as discussed above, the Court is open to authorizing a subpoena to determine Defendant's identity, but would require a more thorough showing of the relevance of this information before doing so.

First, Gladwin's Amended Motion includes a handful of exhibits, but no declaration authenticating them. Gladwin must provide a declaration by someone with personal knowledge of the facts at issue (potentially Gladwin himself) to show that the identity of this particular subscriber is relevant to the case.

Second, even if Gladwin's exhibits were accepted at face value, they show only that the IP address at issue was used to purchase certain products from Gladwin. There is no indication that the IP address was associated with the purportedly wrongful resale of those products. Gladwin must offer at least some evidence supporting his belief that the subscriber who is assigned that IP address is the John Doe defendant who allegedly resold Gladwin's products.

Third, it is not clear how Gladwin determined that the IP address corresponds to Comcast subscriber, or how he determined that the subscriber is likely located in this district. Gladwin must offer evidence as to those issues as well.

Finally, Gladwin has not provided a copy of the proposed subpoena, so it is not entirely clear exactly what disclosure would be required if the Court granted his Motion. The "good cause" inquiry here will take into account potential burdens on Comcast and potentially privacy interests of the subscriber. Gladwin's Proposed Order identifies the categories of information that he seeks, ECF No. 17-2, but the Court will be better able to assess his request if Gladwin provides a copy of the subpoena he intends to serve.

Gladwin is therefore ORDERED TO SHOW CAUSE why his Amended Motion for leave to serve a subpoena should not be denied. For an example of the sort of materials this Court has found sufficient to grant a similar request, Gladwin is encouraged to review the application in *Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 73.222.135.245*, No. 25-cv-02334-LJC, ECF No. 8 (N.D. Cal. Mar. 25, 2025).

### D. Nondisclosure of Subpoena

Gladwin seeks a "gag order" (to use his words) prohibiting Comcast from disclosing the existence of the subpoena to the subscriber whose identity would be revealed. ECF No. 17 at 3. He asserts that "[c]ourts have granted similar protective orders where notification could result in the destruction of digital evidence, including transaction logs, sales records, and communications with third parties." *Id.*

The out-of-circuit district court decision Gladwin cites for that proposition says nothing of the sort. *See generally John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 187 (S.D.N.Y. 2012). The plaintiff there did not seek a protective order barring disclosure of the subpoenas at issue to the subscribers whose information was sought, and the court did not include any such provision in its order authorizing the subpoenas. *See John Wiley & Sons, Inc. v. Doe Nos. 1–30*, No. 1:12-cv-03782-LTS-JLC, ECF Nos. 2 & 6 (S.D.N.Y. May 24 & 31, 2012). At least one of the subscribers apparently received notice of the subpoena, because she moved to quash it. *John Wiley & Sons*, 284 F.R.D. at 188. The *subscriber* in that case also sought a protective order to prevent the disclosure of her personal information, but the plaintiff did not seek a protective order preventing disclosure of the *subpoena*, and there is no indication that the court believed such an order would be appropriate.

Gladwin also cites two circuit decisions in this general section of his Amended Motion, neither of which is of any more help to his position. *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122 (9th Cir. 2003), addressed the circumstances in which "parties other than the original litigants may gain access to materials that a court has placed under protective seal." 331 F.3d at 1127. It says nothing about shielding the existence of a subpoena from disclosure to a party to the case whose personal information the subpoena seeks to discover. And *Phillips v. General Motors Corporation*, 289 F.3d 1117 (9th Cir. 2002), not only addressed the same topic as *Foltz* (rather than the sort of secrete subpoena Gladwin seeks to serve here), but also was not the final version of the Court's decision—the Ninth Circuit subsequently issued an amended, equally inapposite opinion that superseded the opinion Gladwin cited. *See generally Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002).

4

Gladwin's failure to use specific page citation further complicates the Court's task of determining what portions of these cases he might have considered relevant to the issues at hand. Going forward, Gladwin is ORDERED to cite specific relevant pages of cases where applicable.

Gladwin asserts that nondisclosure is necessary to prevent Defendant from destroying evidence, but the next step after Defendant is identified would presumably be for Gladwin to serve Defendant with process as required by Rule 4 of the Federal Rules of Civil Procedure, at which point Defendant will be aware of this action. Unless Gladwin intends to conduct still further secret discovery, it is not clear what practical purpose nondisclosure of the subpoena would serve.

This Court's usual practice in authorizing early subpoenas to identify defendants by their IP addresses is not only to allow internet service providers to disclose the subpoenas to their subscribers, but to *require* such disclosure and allow subscribers an opportunity move to quash a subpoena if they believe disclosure is unwarranted. *E.g.*, *Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 73.222.135.245*, No. 25-cv-02334-LJC, ECF No. 9, ¶ 6 (N.D. Cal. Apr. 7, 2025). Gladwin is ORDERED TO SHOW CAUSE why the Court should not take that approach here. If Gladwin intends to pursue his request for a nondisclosure order, he must identify legal authority supporting that request.

### E.     Conclusion

For the reasons discussed above, Gladwin is ORDERED TO SHOW CAUSE why this case should not be dismissed and his motion to serve an early subpoena (including but not limited to the request for a nondisclosure order) should not be denied. Gladwin must file a response no later than May 22, 2025

**IT IS SO ORDERED.**

Dated: May 7, 2025

LISA J. CISNEROS
United States Magistrate Judge

5